IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

HERBERT FOWLER                                                                                   PLAINTIFF

v.                                              NO.  4:05cv00738 JMM

MICHAEL J. ASTRUE,                                                                          DEFENDANT
Commissioner, Social
Security Administration

## PROPOSED FINDINGS AND RECOMMENDED DISPOSITION

### INSTRUCTIONS

This recommended disposition has been submitted to United States District Judge James M. Moody. The parties may file specific objections to these findings and recommendations and must provide the factual or legal basis for each objection. The objections must be filed with the Clerk of the Court no later than eleven (11) days from the date of the findings and recommendations.  A copy must be served on the opposing party. The District Judge, even in the absence of objections, may reject these proposed findings and recommendations in whole or in part.

### RECOMMENDED DISPOSITION

Plaintiff has filed a motion for attorney's fees under the Social Security Act (SSA) pursuant to 42 U.S.C. § 406(b) for services performed by his attorney, along with a supporting brief and attorney affidavit (doc. 29, 30, 31).  The Commissioner responded (doc. 34), and the motion has been referred for decision (doc. 32).

I.

On May 10, 2005, Plaintiff and his attorney entered into a fee agreement whereby counsel agreed to represent Plaintiff in seeking judicial review of the Commissioner's denial of disability insurance benefits, and Plaintiff agreed to pay counsel a fee equal to twenty-five percent of any past-due benefits awarded.  (Pl.'s Ex. B to doc. 29.)  Six days

later, counsel initiated this action by filing a complaint (doc. 2).  On April 14, 2006, this Court entered a judgment remanding Plaintiff's case for further administrative consideration pursuant to sentence four of 42 U.S.C. § 405(g) (doc. 21, 22).

This Court then entered an order granting Plaintiff's motion for attorney's fees pursuant to the Equal Access to Justice Act (EAJA), 28 U.S.C. § 2412, awarding an EAJA fee of $2,762.50 for 22.1 hours of work done before this Court by his attorney in obtaining the sentence-four remand, at an hourly rate of $125.00 (doc. 27, 28).

A subsequent administrative hearing was held before an Administrative Law Judge. On May 20, 2007, Plaintiff was given written notice that the Commissioner had issued a favorable administrative decision finding that Plaintiff was entitled to monthly disability benefits beginning in January 2003.  Plaintiff was notified that $9,777.00, equaling twenty-five percent of his past-due benefits, had been withheld in anticipation of paying an approved attorney fee award.  (Pl.'s Ex. A, at 4.)

Plaintiff's counsel asserts that he has received an award of $5,300.00, less a $77.00 administrative fee, from the Commissioner as payment for 24 hours of work at the administrative level.  He now seeks an award of $4,477.00 for 22.1 hours of court-related work pursuant to the SSA, which, when added to the $5,300.00 agency award, would equal twenty-five percent of the past-due benefits.

II.

An attorney for a successful claimant in a social security case may recover fees in three different ways. First, the SSA, as codified at 42 U.S.C. § 406(a), permits the attorney to obtain a fee award from the Commissioner for work performed at the administrative level.  Second, the SSA, as codified at 42 U.S.C. § 406(b), permits the attorney to obtain a fee award from the district court for work performed before that court.  In both instances, the attorney's fee is taken out of the claimant's award of past-due benefits and the aggregate fee award may not exceed twenty-five percent of the claimant's past-due

benefits. Third, EAJA allows an attorney for a claimant prevailing in court to obtain a fee award, to be paid by the government, if the Commissioner's position in the litigation was not "substantially justified." 28 U.S.C. § 2412(d)(1)(A). *See Gisbrecht v. Barnhart*, 535 U.S. 789, 793-96 (2002). Dual attorney fee applications and awards under both the SSA and the EAJA are not improper as long as the attorney returns to his client the lesser of any fee received for the same work. *Id.* at 796. Thus, an EAJA fee award (for court-related services) which is remitted to the client will offset the amount that an SSA § 406(b) fee award (for the same court-related services) reduces the client's past-due benefits. *Id.*

As stated, Plaintiff's counsel has already received an agency award of $5,300.00 pursuant to § 406(a) for administrative-level work and an EAJA award of $2,762.50 for court work. Counsel states that, if his SSA § 406(b) request is granted, he will refund to Plaintiff the lesser EAJA award.

### III.

Under § 406(b), the Court may determine and allow a "reasonable fee" for court-related attorney representation. The SSA does not displace contingent-fee agreements entered into between a claimant and his attorney; rather, § 406(b) "calls for court review of such arrangements as an independent check, to assure that they yield reasonable results in particular cases." *Gisbrecht*, 535 U.S. at 807. So long as the contingent fee does not exceed the statutory boundary of twenty-five percent of the past-due benefits, the attorney for the successful claimant must simply show that the fee sought is "reasonable for the services rendered." *Id.*

In its analysis, the Court should look first to the contingent-fee agreement and then test it for reasonableness by examining, *inter alia*, the character of the attorney's representation, the results achieved by the representation, whether the attorney was responsible for any delay that produced an accumulation of past-due benefits, the number of hours the attorney spent representing the claimant, and the attorney's normal hourly

billing rate for non-contingent fee cases. Where the benefits are large in comparison to the amount of time counsel spent on the case, "a downward adjustment" may be in order to prevent a "windfall" to the attorney. *Id.* at 808-09.

As stated, counsel and Plaintiff entered into a fee agreement in May 2005 whereby counsel agreed to pursue judicial review of the administrative denial of benefits, and Plaintiff agreed to pay counsel a fee of twenty-five percent of any past-due benefits awarded. By entering into this contingent-fee agreement, counsel bore the risk of non-payment in the event no benefits were awarded for the client. As a result of counsel's representation, Plaintiff obtained a remand for further consideration and, in post-remand administrative proceedings, an award of benefits. Plaintiff would have been unsuccessful without judicial action. Plaintiff's counsel has a history of representing social security claimants, there appear to be no significant delays attributable to counsel, and the number of court-related hours expended is reasonable.[1] Nothing indicates that this matter precluded counsel from accepting other employment; however, it did present some difficult hurdles in proving entitlement to benefits.[2]

Counsel states that his regular hourly rate is $200, that he expects to receive more in contingent fee cases due to the risk of non-recovery, and that attorney fees customarily charged in this locality for similar legal services range from $150 to $400 per hour (doc. 31 ¶¶ 7-8) .

As stated, counsel requests an SSA § 406(b) fee award of $4,477.00 for 22.1 hours of court-related work, constituting a rate of $202.58 per hour. Based on consideration of

---

[1] Plaintiff has not submitted an itemization in support of his § 406(b) request, but the hours at issue were documented in an itemization submitted with his earlier EAJA request (doc. 23-2).

[2] As explained by counsel, Plaintiff had to prove he was disabled in spite of his youth, overcome the loss of his insured status, prove disability based on limited medical history prior to the date last insured, show that he could not perform his prior work at the level of substantial gainful activity, and overcome the *res judicata* effect of a prior decision on an earlier application involving identical issues of fact (doc. 31 ¶ 9).

the relevant factors, this represents a reasonable fee award and adequately furthers the joint purposes of protecting social security claimants from "inordinately large fees" and ensuring that attorneys representing such claimants are appropriately compensated. *See Gisbrecht*, 535 U.S. at 805.

Therefore, pursuant to the SSA, Plaintiff's attorney is entitled to a fee in the amount of $4,477.00 for court-related work, provided this amount, when combined with any fees awarded at the administrative level, does not exceed twenty-five percent of Plaintiff's past-due benefits. The Commissioner will coordinate any fees granted for representation at the administrative level with the amount granted by the Court.

### IV.

Accordingly, it is hereby RECOMMENDED

(1) That Plaintiff's motion for attorney's fees pursuant to the Social Security Act, 42 U.S.C. § 406(b) (doc. 29) should be granted;

(2) That Plaintiff's attorney should be found entitled to an attorney's fee in the amount of $4,477.00 pursuant to § 406(b);

(3) That the Commissioner should be ordered to pay to Alan J. Nussbaum, attorney for Plaintiff, the amount due under § 406(b), in addition to any fees found to be due for representation at the administrative level but not yet paid, or pay the attorney twenty-five percent of Plaintiff's past-due benefits, whichever sum is less; and

(4) That Plaintiff's attorney should be directed to refund to Plaintiff the earlier EAJA award of attorney's fees in the amount of $2,762.50.

DATED this 11th day of April, 2008.

_____
UNITED STATES MAGISTRATE JUDGE